JUDGE BUCHWALD                    **10 CV 8682**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the Matter of the Arbitration Between                          Civ.
GENERAL SECURITY NATIONAL INSURANCE
COMPANY,

                                        Petitioner,

        - and -

AEQUICAP PROGRAM ADMINISTRATORS,
INC.,

                                        Respondent.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO CONFIRM ARBITRATION AWARD

### PRELIMINARY STATEMENT

Petitioner General Security National Insurance Company, on behalf of General Security

Insurance Co., General Security Property & Casualty Co. and General Indemnity Co. ("General

Security") respectfully submits this Memorandum of Law in support of its Petition for an Order

confirming an award rendered in an underlying arbitration as a Judgment pursuant to 9 U.S.C. § 9.

The Award on Petitioner's Motion for Summary Judgment dated October 18, 2010 granted

that motion and required Respondent AequiCap Program Administrators, Inc. ("AequiCap") to pay

to General Security the principal amount of $426,802 and pre-award interest.  The decretal

paragraphs state:

> 1.      Petitioner's Motion for Summary Judgment is granted.
>
> 2.      Respondent shall pay Petitioner the principal amount of
>         $426,802.00, and pre-award interest in the amount of 5%
>         calculated from thirty (30) days after each invoice was

rendered.[1]

3.   Respondent shall pay the total amount of this Award to Petitioner
within thirty (30) days of the date of this Award.  Post-Award
interest on the amount awarded in paragraph 2, computed at the
rate of 7%, shall commence running thirty (30) days after the date
of this Award.

4.   Petitioner is also awarded its attorney's fees and disbursements
incurred in connection with its prosecution of this arbitration in
an amount to be determined at the hearing on this matter.

A copy of that award is attached as Exhibit "3" to the accompanying Petition to Confirm Arbitration

Award.

On November 16, 2009, the Panel issued a further Order, awarding "$239,946 to Petitioner

to compensate for its attorneys' fees and disbursements incurred in this arbitration."  The Panel

further directed that: "this amount should be paid within 30 days from the date of this RESPONSE

with interest of 5% on any unpaid balance thereafter."  A copy of the November 16, 2010 Order is

attached as Exhibit "4" to the Petition.  Together, the October 18, 2010 Award and the November

16, 2010 Order constitute the "Award" of the Panel.

AequiCap has failed to comply, and based on statements that AequiCap's counsel has made

on the record of proceedings during the arbitration, General Security believes that AequiCap will

refuse to honor the Award.  Consequently, it is anticipated that a Judgment from this Court will be

necessary to enforce the Panel's Award.

---

[1] Pre-award interest as of November 17, 2010 is $24,778.

## FACTUAL BACKGROUND

### The ACCA

AequiCap participated in a reinsurance contract with General Security, entitled Amended Contingent Commission Agreement (the "ACCA"), effective June 20, 2003.  A copy of the ACCA is attached as Exhibit "1" to the Petition.  The contract is continuous in duration.

General Security and AequiCap agreed to arbitrate disputes between them.  The ACCA recites, at Article 13, that "any disputes arising under this Agreement are subject to the arbitration clause in the Underwriting Agreement."[2]  The Underwriting Agreement contains a broad arbitration clause (the "Arbitration Clause").  The Arbitration Clause provides, in relevant part:

> In the event that any disagreement or dispute shall arise as to the effect or interpretation of any of the terms, provisions or conditions of this Agreement, or as to the performance of either party under this Agreement, the parties hereto shall submit such disagreement or dispute for resolution to a panel of three disinterested arbitrators who shall be experienced in the fields of insurance and the American Agency system.
>
> \*   \*   \*
>
> The arbitration panel shall make its decision with regard to the provisions of this Agreement and the custom and usage of the insurance business to the extent not inconsistent with the provisions of this Agreement.  The arbitration panel shall issue its decision in writing based upon a hearing to be held in New York City in which evidence may be introduced without following the strict rules of evidence, but in which cross examination and rebuttal shall be allowed.  The Panel shall make its decision within sixty (60) days following the termination of the hearing unless the parties agree to an extension.  The majority decision of the Panel shall be final and

---

[2] The parties initially entered into an agreement authorizing AequiCap to underwrite certain lines of insurance business on behalf of General Security.  It was the losses arising from this insurance business that General Security was attempting to recover from AequiCap in the underlying arbitration.

> binding upon all parties to the proceeding. Judgment may be entered
> upon the award of the Panel in any court having jurisdiction thereof.

Attached as Exhibit "2" to the Petition is a copy of the Arbitration Clause contained in the

Underwriting Agreement.

## The Arbitration

General Security demanded arbitration against AequiCap on November 10, 2009 pursuant

to the Arbitration Clause in the Underwriting Agreement. In the arbitration, General Security sought,

among other things, the reimbursement of a total of $426,802 due to General Security in respect of

reinsured losses and expenses. Two party-appointed arbitrators and a neutral umpire (collectively,

the "Panel") were selected pursuant to the Arbitration Clause. The Arbitration Panel was duly

constituted on February 26, 2010 following a telephonic Organizational Meeting.

AequiCap asserted a counterclaim during the arbitration alleging damages arising from

purported negligent claims handling on the part of General Security and/or its third-party claims

administrator. The arbitration proceeded through discovery and briefing on General Security's

claims for reinsurance balances due and on AequiCap's counterclaim.

On October 18, 2010, after considering motion papers submitted by both sides and a

telephonic hearing in connection with General Security's motion for summary judgment and after

considering the parties' respective Pre-Hearing Opening and Reply Briefs, the Panel issued its Award

on Petitioner's Motion for Summary Judgment (Exhibit 3 to the Petition). The Award granted that

motion and directed AequiCap to pay General Security, within thirty (30) days, the reinsurance

balances sought in the amount of $426,802.00 and pre-judgment interest calculated at 5% from the

date each underlying invoice was rendered. The Panel also awarded Post-Award interest on the principal amount and pre-award interest computed at the rate of 7%, commencing thirty days after October 18, 2010 date of the Award. The Panel also awarded General Security its attorneys' fees and disbursements in an amount to be determined at a hearing. (Exhibit 3 to the Petition).

By its Interim Order No. 8 dated October 21, 2010, the Panel majority, over General Security's objection, permitted AequiCap to withdraw its counterclaim "without prejudice," despite the facts that the parties had taken discovery on the counterclaim and that it was the subject of extensive pre-hearing briefing.

On October 25, 2010, the Panel conducted a hearing to determine the amount of attorneys' fees to be awarded to General Security. During that hearing, AequiCap moved the Panel to reconsider its award of attorneys' fees. On October 27, 2010, the Panel issued Interim Order #9, which directed both parties to brief the issues raised by AequiCap in its motion. Both parties thereafter submitted written briefs.

On November 16, 2010, the Panel issued its Response to Interim Order #9, denying AequiCap's motion for reconsideration, and awarding General Security $239,946 "to compensate for its attorneys' fees and disbursements incurred in this arbitration." The Panel directed that this amount be paid within thirty days of November 16, 2010, together with interest at 5% on any unpaid balance thereafter. A copy of that award is attached as Exhibit "4."

To the date of this Petition, AequiCap has not made payment of any portion of the Award due General Security, and based upon comments and arguments made by counsel for AequiCap, General Security verily believes that AequiCap will refuse to honor the Panel's Award.

## ARGUMENT

### POINT I

### THIS COURT HAS THE AUTHORITY TO
### SUMMARILY CONFIRM THE FINAL AWARD

It is well-established that the "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." <u>Florasynth v. Pickholtz</u>, 750 F.2d 171, 176 (2d Cir. 1984), quoted in <u>Banco de Seguros del Estado v. Mutual Marine Offices, Inc.</u>, 230 F.Supp.2d 362, 378 (S.D.N.Y), <u>mot. for recons. den.</u>, 230 F.Supp.2d 427 (S.D.N.Y. 2002), <u>aff'd</u>, 344 F.3d 255 (2d Cir. 2003).

The Arbitration Clause grants the Panel wide latitude in fashioning relief.  The Arbitration Clause contains no limitation or restriction whatsoever regarding what relief the Panel may order, except that the Panel is to make its decision with regard to "the custom and usage of the insurance business," to the extent not inconsistent with the provisions of this Agreement.  Arbitration panels in reinsurance cases regularly award attorneys' fees and arbitration related costs, in circumstances where, as here, the reinsurer (AequiCap) did not have a good faith basis to refuse to honor billings rendered by its ceding company. See e.g. <u>ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Ins. Co.</u>, 564 F.2d 81 (2d Cir. 2009).

"Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." <u>Folkways Music Publishers, Inc. v. Weiss</u>, 989 F.2d 108, 111 (2d Cir. 1993).  "An arbitrator need not provide an explanation for their decision, and a Court is to confirm the arbitrator's decision if a ground for the arbitrator's decision can be inferred from the facts of the case." <u>Nimkoff v. Tanner</u>

6

Propp & Farber, 141 F.Supp.2d 420, 425 (S.D.N.Y. 2001).  More particularly, this Court has

generally refused to second guess an arbitration's resolution of a contract dispute.  See Supreme Oil

Co., Inc. v. Abondolo, 568 F.Supp.2d 401, 407 (S.D.N.Y. 2008).

General Security expects that AequiCap will refuse to honor the Award and that a Judgment

will be necessary in order to enforce it.  That expectation arises from AequiCap's historical failures

to honor its reinsurance commitments and comments that its counsel made during the arbitration

proceeding, most notably, that the Panel did not have the right to award General Security its

attorneys' fees.  General Security maintained that AequiCap's bad faith conduct in resisting payment

to General Security and in concocting a belated and frivolous counterclaim as a post-arbitration

justification for non-payment provided a more than ample basis for the Panel to award attorneys'

fees.

## POINT II

## NO GROUNDS EXIST TO VACATE THE AWARD

**A.     No Grounds To Vacate The Award Exist**

The Federal Arbitration Act, 9 U.S.C. §10(a) provides four specific grounds for vacating the

order of an arbitration panel:

> 1)     where the award was procured by corruption, fraud, or undue
> means;

> 2)     where there was evidence of partiality or corruption in the arbitrators,
> or either of them;

> 3)     where the arbitrators were guilty of misconduct in refusing to
> postpone the hearing, upon sufficient cause shown, or refusing to hear evidence

pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

      4)     where the arbitrators exceeded their power, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

In addition, there is the judicially created doctrine of "manifest disregard of the law." Banco de Seguros del Estado v. Mutual Marine Office, 344 F.3d at 263.

      The four specific grounds articulated under 9 U.S.C. §10(a) are "to be accorded the narrowest of readings." Blue Tee Corp. v. Koehring Co., 999 F.2d 633, 636 (2d Cir. 1993). A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997). Moreover, a court's review under the judicially created doctrine of "manifest disregard of the law" is "severely limited." Government of India v. Cargill Inc., 867 F.2d 130, 133 (2d Cir. 1989). "A party seeking vacatur [on the grounds of manifest disregard of the law] must therefore demonstrate that the arbitrator knew of the relevant principle, appreciated that this principle controlled the outcome of the dispute, and nonetheless willfully flouted the governing law by refusing to apply it." Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200 (2d Cir. 2002).

      The burden is on AequiCap to prove that grounds exist for vacating the Award. See Cragwood v. Reliance Ins. Co., 132 F.Supp.2d 285, 287 (S.D.N.Y. 2001); British Ins. Co. of Cayman v. Water St. Ins. Co., 93 F.Supp.2d 506 at 515 (S.D.N.Y. 2000). It is well-established that "an arbitration award should be enforced . . . if there is a barely colorable justification for the outcome reached." Banco de Seguros del Estado v. Mutual Marine Office, 344 F.3d at 260 (2d Cir. 2003); Cragwood, 132 F.Supp.2d at 287. That standard has been more than met here.

The Panel clearly had the authority under the broad Arbitration Clauses to issue the Award, as demonstrated in Point I above. Cf. 9 U.S.C. §10(a)(4). There is no evidence that the Award was "procured by corruption, fraud, or undue means;" nor is there "evidence of partiality or corruption in the arbitrators." Id. (1) and (2). Since the Panel heard oral argument from the parties and received extensive briefs prior to issuing its Award, paragraph 3 does not apply. Finally, as the Arbitration Clause does not, in any way, limit or restrict the power of the arbitrators to fashion relief as it may deem appropriate, the Panel was authorized to award all of the relief granted to General Security. Thus, none of the statutory grounds for vacating an arbitration award apply here.

A court will vacate an arbitral award for manifest disregard of the law only if: (i) the arbitrators knew of a governing legal principle yet refused to apply it; and (ii) the law ignored was well-defined, explicit and clearly applicable. See Banco de Seguros, 349 F.3d at 263. AequiCap cannot meet this test.


## CONCLUSION

For the reasons set forth above and in the Petition, General Security respectfully requests that the Final Award of the arbitrators in the underlying arbitration be confirmed as a judgment of this Court.

Dated: New York, New York       **RUBIN, FIORELLA & FRIEDMAN**
       November 17, 2010

                                    By:    _Bruce Freed_
                                           Bruce M. Friedman (BF 9074)

                                           Attorneys for Petitioner
                                           GENERAL SECURITY NATIONAL INSUR-
                                           ANCE COMPANY

9

292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

654-11001\Memo in Support of Arb Award

**AFFIDAVIT OF RECEIVED BY DOCKET UNIT**
**SERVICE BY**
**PERSONAL DELIVERY** P 12: 36
2010 NOV 24

STATE OF NEW YORK        )
                                              )ss.:
COUNTY OF NEW YORK  )

I,   **ALICIA GOLUBINA**, being duly sworn, depose and say:

1.        I am not a party to this proceeding, I am over 18 years of age and reside in Kings, New York.

2.        On the 18th day of November, 2010, I personally served the within Summons in a Civil Action, Memorandum of Law in Support of Petition to Confirm Arbitration Award, Petition to Confirm Arbitration Award, Rule 7.1 Statement, Civil Cover Sheet in the captioned proceeding by delivering a true copies thereof to:

> **AequiCap Program Administrators, Inc.**
> **c/o CT Corporation Systems**
> **111 Eighth Avenue**
> **New York, New York 10017**

3.        The individual served, identified themself as a Process Specialist from CT Group, Aixa Flores, a person authorized to accept service of the within papers whom deponent describes as a dark skinned female with black hair, 49 years of age, 126 pounds, 5 feet 2 inches tall.

_____
Alicia Golubina

Sworn to before me this
18th day of November, 2010

_____
NOTARY PUBLIC